IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| THOMAS JAMES LEE, JR., | : | BANKRUPTCY NO.: 4-17-bk-00062-JJT |
| DEBTOR | : | |
| THOMAS JAMES LEE, JR., OBJECTOR | : | {**Nature of Proceeding**: Movant/Claimant's Amended Motion to Reconsider and Vacate Order Disallowing Proof of Claim (Doc. #70)} |
| vs. | : | |
| QUICKEN LOANS, INC. CLAIMANT | : | |

***************************************************************************

| | | |
|---|---|---|
| QUICKEN LOANS, INC. MOVANT | : | {**Nature of Proceeding**: Objection to Amended Chapter 13 Plan (Doc. #66)} |
| vs. | : | |
| THOMAS JAMES LEE, JR., RESPONDENT | : | |

# OPINION

The Claimant, Quicken Loans, Inc, has filed a Motion to Reconsider a ruling of this Court adjudicating claims litigation, wherein I disallowed a portion of Quicken's claim.

Quicken Loans is a secured creditor of the Chapter 13 Debtor, Thomas James Lee, Jr.. On February 3, 2017, Quicken filed a claim in the amount of $132,325.31. The Debtor filed an objection to that claim on June 9, 2017. Quicken amended its claim on June 22, 2017 reducing the amount to $130,470.53. After hearing held on June 23, 2017, the Court allowed the claim as secured for $123,662.03.

In its Motion to Reconsider, Quicken argues that I should have not reduced its claim. It

argues that the foreclosure judgment in state court was entered September 15, 2016 in the amount of $129,167.23 together with interest and any challenge to that judgment would violate the *Rooker-Feldman* doctrine.

To my knowledge, this is the first information I have that a foreclosure judgment had been entered prepetition. That fact does not appear on Quicken's original claim or the amended claim. Neither does it appear to have been mentioned at the hearing on the claim objection.

Of course, I cannot alter the state court judgment so as to render any part of it invalid.

In hindsight, what appears to be at issue is the amount needed to "cure" the arrearage under 11 U.S.C. § 1322(b)(3). Findings of this nature are separate and apart from my determination of the allowed amount of a secured claim, which necessarily must be consistent with the judgment in foreclosure inasmuch as the existing mortgage merges with the judgment. *In re Stendardo*, 991 F.2d 1089, 1095 (3rd Cir. 1993), ("the mortgage is merged in a judgment entered in a mortgage foreclosure action in Pennsylvania").

The Debtor's proposed plan attempts to cure the mortgage arrearage. (Doc. #63 at ¶ 2.C.) Pennsylvania law allows for a cure up to one hour prior to the time of foreclosure sale. 41 Pa. Stat. Ann. § 404 (West). It is apparent from a review of the record that the crux of the issues arising by virtue of the Debtor's objection to claim and Quicken's objection to confirmation is the amount necessary to cure the prepetition default and not so much the amount of the proof of claim, which I, in fact, adjudicated. Quicken, in Attachment A to its proof of claim, has itemized its claimed cure amounts as required by Federal Rule of Bankruptcy Procedure 3001(c)(2)(B). The Debtor disputes those numbers. Both sides deserve to have that issue adjudicated, which I did not do.

It is for these reasons, I will grant the Motion to Reconsider and reopen the record on plan confirmation and claims litigation.

My Order will follow.

By the Court,

Date: December 19, 2017

John J. Thomas, Bankruptcy Judge
(CMP)